Filed 10/29/20  P. v. Rodriguez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>CHERYL LYNN RODRIGUEZ,<br><br>        Defendant and Appellant. | C090323<br><br>(Super. Ct. No.<br>SCCR-CRF-2017-1351) |

Defendant Cheryl Lynn Rodriguez pleaded guilty to felony resisting an executive officer, misdemeanor resisting a peace officer, and misdemeanor assault.  After defendant violated the terms of her probation and supervision was terminated, the trial court imposed the upper term sentence of three years on the first count for felony resisting an executive officer.  On appeal, defendant contends (1) she received ineffective assistance of counsel because her counsel failed to object to imposition of the probation revocation

1

restitution fine; and (2) she received ineffective assistance of counsel because her counsel failed to object to the court's imposition of the upper term. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A deputy with the Siskiyou County Sheriff's Office was dispatched to assist firefighters at a residence. He was advised that defendant had an outstanding misdemeanor warrant. When he arrived, he was advised a belligerent female was inside the residence. He looked through the open door and observed defendant sitting on a couch speaking on a cell phone. The deputy directed defendant to get up from the couch approximately five times. She ignored the directives, and the deputy took hold of her left arm and informed her she was under arrest. Defendant screamed and resisted the deputy's efforts in placing the defendant in handcuffs and attempted to strike the deputy with her elbow.

Defendant was charged with two counts of felony resisting an executive officer (Pen. Code, § 69; counts 1 & 2),[1] one count of misdemeanor assault (§ 240; count 3), and two counts of misdemeanor trespassing (§ 602, subd. (m); counts 4 & 5). Count 2 was amended to charge defendant with misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). Defendant then pleaded guilty to counts 1 through 3. Following the plea, defendant was placed on deferred entry of judgment (DEJ) status for three years as to count 1 and informal probation for three years as to counts 2 and 3. The remaining counts were dismissed.

Some time later, the district attorney filed a notice of violation of the conditions of defendant's DEJ status. The trial court found defendant in violation of DEJ as to count 1 and revoked her probation as to counts 2 and 3. As part of a negotiated disposition, the court suspended imposition of sentence and placed defendant on three years' formal

---

[1]     Undesignated statutory references are to the Penal Code.

probation. The court also ordered defendant to pay a $300 restitution fine (§ 1202.4, subds. (b)(1) & (m)) and a $300 probation revocation restitution fine (§ 1202.44), the latter of which was suspended pending successful completion of probation.

Three successive petitions to revoke defendant's probation based on various violations were filed. Following a contested hearing, the trial court found defendant in violation of the terms of her probation. On August 27, 2019, the court terminated defendant's probation and sentenced her to county jail for the upper term of three years on count 1 with no mandatory supervision in accordance with section 1170, subdivision (h)(5)(A). The court found mandatory supervision was not appropriate because "the circumstances of the case and the circumstances of defendant's past performance on supervision substantially outweigh the benefits of supervision and promoting public safety and the defendant's successful reentry into the community upon release from custody." The court noted it had reviewed the circumstances "carefully" in deciding to impose a term of three years without a period of mandatory supervision.[2] Further, the trial court executed the previously suspended $300 probation revocation restitution fine (§ 1202.44). Defense counsel did not object to the imposition of the upper term or the execution of the probation revocation restitution fine.

Defendant filed a timely notice of appeal.

---

[2] Before sentencing, the probation department filed a supplemental report recommending the upper term sentence of three years. The trial court read and considered the supplemental report in addition to a memorandum regarding defendant's then most recent failure to appear, in which the probation department explained that defendant was not receptive to the department's rehabilitation efforts and was unwilling to comply with her conditions of release on probation.

DISCUSSION

Defendant contends her counsel was ineffective in failing to object to execution of the probation revocation restitution fine and failing to object to the court's imposition of the upper term. We disagree.

To establish ineffective assistance, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694 [80 L.Ed.2d 674, 693-694, 697-698]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.)

In measuring counsel's performance, judicial review is highly deferential. (*Strickland v. Washington, supra*, 466 U.S. at p. 689; *In re Andrews* (2002) 28 Cal.4th 1234, 1253.) There is a presumption that counsel acted within the wide range of reasonable professional assistance. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) When the strategic reasons for challenged decisions are not apparent from the record, we will not find ineffective assistance of counsel unless there could have been " ' "no conceivable tactical purpose" ' " for counsel's acts or omissions. (*People v. Earp* (1999) 20 Cal.4th 826, 896; see *People v. Arce* (2014) 226 Cal.App.4th 924, 930-931.)

I

*Failure to Object to Probation Revocation Restitution Fine*

Defendant argues she suffered ineffective assistance because her counsel failed to object based on defendant's inability to pay under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) at sentencing when the trial court executed the previously suspended probation revocation restitution fine. *Dueñas* was decided seven months before defendant's sentencing hearing. The People contend that any objection would have been futile and defendant was not prejudiced.

Section 1202.4, subdivision (b) provides for the imposition of a restitution fine of at least $300 upon a felony conviction unless the court finds "compelling and

4

extraordinary reasons" for not imposing it.  Section 1202.4, subdivision (c) specifies that a defendant's inability to pay "shall not be considered a compelling and extraordinary reason not to impose a restitution fine" and that such inability to pay may only be considered in increasing the amount of the fine in excess of the minimum $300 amount. Pursuant to section 1202.44, in addition to the restitution fine, in every case in which a person suffers a felony conviction and is placed on probation, the court shall impose an additional probation revocation restitution fine in the same amount as the fine imposed under section 1202.4, subdivision (b).  Section 1202.44 also provides that the probation revocation restitution fine "shall not be waived or reduced by the court, absent compelling and extraordinary reasons."

We conclude that defendant's argument is without merit.  Defendant's appeal hinges on the analysis in *Dueñas* finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct.  Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* or the probation revocation restitution fine at issue here.  (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

5

Defendant's claim pursuant to *Dueñas* is without merit, invalidating her ineffective assistance of counsel claim on this issue. (*People v. Kipp* (1998) 18 Cal.4th 349, 377 [reasoning that counsel's failure to assert a meritless position does not demonstrate ineffective assistance of counsel].)

II

*Failure to Object to Upper Term Sentence*

Defendant also contends that her counsel was ineffective in failing to object to the trial court's imposition of the upper term because the court did not state its reasons for imposing the upper term. The People argue that "[c]ounsel's performance was not deficient for failing to object because the trial court sufficiently stated its reasons for imposing the upper term." We agree. We further conclude defendant's ineffective assistance claim fails because she has not established prejudice.

Section 1170, subdivision (b) requires a trial court selecting between three possible terms to "select the term which, in the court's discretion, best serves the interests of justice [and] set forth on the record the reasons for imposing the term selected." (§ 1170, subd. (b); see Cal. Rules of Court, rules 4.406(b)(4) & 4.420(e).) A single circumstance in aggravation is sufficient to impose an upper term. (*People v. Osband* (1996) 13 Cal.4th 622, 728.) When giving the reasons for the sentencing choice, the court must "state in simple language the primary factor or factors that support the exercise of discretion." (Cal. Rules of Court, rule 4.406(a); see *People v. Sandoval* (2007) 41 Cal.4th 825, 850-851.) However, the court "is not required to identify aggravating and mitigating factors, apply a preponderance of the evidence standard, or specify the 'ultimate facts' that 'justify[] the term selected.' " (*Sandoval, supra*, at pp. 850-851.) "The court may give a single statement explaining the reason or reasons for imposing a particular sentence or the exercise of judicial discretion, if the statement identifies the sentencing choices where discretion is exercised and there is no impermissible dual use of facts." (Cal. Rules of Court, rule 4.406(a).) Use of the same

6

factor to deny mandatory supervision and to impose the upper term does not violate the prohibitions against dual use of facts. (See § 1170, subd. (b).) "[T]he presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence." (*People v. Black* (2007) 41 Cal.4th 799, 815.)

On this record, it is not reasonably probable that a lower sentence would have been imposed if defense counsel had objected. The trial court stated that it had carefully reviewed the circumstances of the case and noted defendant's poor prior performance under supervision as a circumstance supporting its decision to deny mandatory supervision and impose the upper term. This was an aggravating factor (Cal. Rules of Court, rule 4.421(b)(5) ["The defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory"]). Because the court stated one aggravating circumstance warranting imposition of the upper term (see *People v. Black, supra*, 41 Cal.4th at p. 815), any objection by defense counsel would have been futile. Further, defendant's argument that she was prejudiced because it is more likely than not she would have received a "more favorable sentence had counsel informed the trial court that it had failed to state its reasons for imposing the upper term" is conclusory and speculative. The court identified at least one aggravating circumstance on the record, which was sufficient to warrant imposition of the upper term. Further, the court did not cite any factors in mitigation, nor did the probation department identify any in its initial probation report. Defendant does not attempt to explain what factors defense counsel might have argued to the court to persuade it to impose the middle or lower term. Accordingly, she has not demonstrated prejudice and we must reject her claim that she received ineffective assistance of counsel.

DISPOSITION

The judgment is affirmed.

     KRAUSE     , J.

We concur:

     RAYE     , P. J.

     BLEASE     , J.

8